Merwarth et ux., Appellants, *v.* Townsend.

Argued January 10, 1974. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

476

*Hugh M. Morrison,* with him *Floyd E. Heller,* for appellants.

*Lewis R. Long,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 25, 1974:

This appeal arises from a final decree in equity which denied appellants' request for specific performance of a land sales agreement.

In 1965, appellants, H. Stewart Merwarth and Ada Merwarth, owned a piece of property located in Lower Saucon Township, Northampton County. The property was subject to a mortgage held by Asa S. Knechel Estate and Mabel F. Knechel, as mortgagees. In the same year. the mortgagees instituted foreclosure proceedings against appellants. On October 8, 1965, the property was exposed to a sheriff's sale and sold to Robert M. Moore.

Shortly after the sheriff's sale, the purchaser was advised by his attorney that the sale was defective due to certain procedural irregularities in the sale. On January 11, 1966, the Merwarths, Moore and Ann S. Townsend, appellee, entered into a written agreement which provided as follows:

"a. Ann Townsend was to become the purchaser of the property exposed to the sheriff's sale;

"b. upon obtaining title to the property, Ann Townsend agreed to convey to the Merwarths, 'without any further consideration', a tract of land containing approximately 5 or 6 acres 'whereupon the dwelling and all other buildings are located';

"c. a survey was to be made at Mrs. Townsend's expense 'for the purpose of providing an accurate description of the tract to be conveyed to' the Merwarths;

"d. the agreement was conditioned upon Mr. Moore's willingness to assign his rights under the sheriff's sale and the court's affirmance of the sale;

"e. the agreement was conditioned also upon the Merwarths' joining in the request for confirmation of the sheriff's sale."

On January 21, 1966, all parties to the execution proceedings entered into a settlement stipulation which was presented in court and accepted. On January 24, the court entered a decree relating to the stipulation, which provided as follows:

"1. That the Sheriff of Northampton County execute and deliver to Ann S. Townsend of Lower Saucon Township a Sheriff's Deed Poll covering and conveying premises more fully set forth in mortgage recorded in Mtg. Book Vol. 712, Page 532, in the Recorder of Deeds Office of Northampton County, upon the said Ann S. Townsend complying with the terms of the Sheriff's sale as announced and made on October 8, 1965, at the time the premises were exposed to sale on execution of the writ to No. 66 May Term, 1965;

"2. that the Court, being satisfied that the judgment debtors, H. Stewart Merwarth and Ada A. Merwarth, have obtained certain advantages under the terms of the agreement entered into between them and Ann S. Townsend on January 11, 1966, and further for the reason that the said judgment debtors have interposed no objection to a confirmation of said sale held

on October 8, 1965, and have by their counsel joined in the above Stipulation, the Court hereby Orders and decrees that the sale to Ann S. Townsend be and the same is hereby confirmed, AND IT IS FURTHER ORDERED that the title acquired by the said Ann S. Townsend thereby be and the same is declared to be firm and stable."

For five and one-half years, during which time the Merwarths occupied the premises, Mrs. Townsend refused to execute a deed as required by the agreement. Finally, on August 6, 1971, suit was filed by the Merwarths. The chancellor, after taking testimony, found that the agreement which the Merwarths sought to enforce was incapable of specific performance due to the fact that the agreement did not contain a description of the property sufficient to satisfy the statute of frauds. This appeal followed.

The Merwarths offered into evidence a survey, prepared for Mrs. Townsend, that delineated the tract occupied by them which was to be conveyed to them. The description of the property contained in this survey should have been considered as having defined the five to six acre tract which Mrs. Townsend had agreed to convey in the agreement executed by the parties on January 11, 1966. As such, it might be considered to have been incorporated in the agreement by reference, since the agreement specifically required that such a survey be prepared.[1]

Based on the survey and the other testimony offered, it would appear that the property which is the subject of this suit was more accurately described than

---

[1] While it is true that appellants have attempted to have one line in the survey changed slightly, since the line, as drawn, cuts off a one-foot portion of one of their outbuildings, this would not affect their right to a deed for the property as shown on the survey.

the property which was the subject of the agreement which we specifically enforced in the recent case of *Yinger v. Springer*, 452 Pa. 66, 305 A. 2d 19 (1973).

In *Yinger, supra,* the agreement described the property as "the property known as RD No. 1 New Cumberland, Jacob Springer's 80 acres more or less wich [sic] will exclude 7 acres of the 87 acres more or less."

We allowed parol evidence to be admitted, which supplied an accurate description of the property to be conveyed, explaining: "Parol evidence to describe the land intended to be sold is one thing, and parol evidence to apply a written description to land is another and very different thing, and for that purpose is admissible." 452 Pa. at page 68.

In our view, on the basis of the survey and other evidence presented indicating that all parties knew which property was being occupied by the Merwarths and was to be reconveyed to them, the agreement was capable of specific performance.

Mrs. Townsend argues that even assuming that the agreement is specific enough as to description of the property in question, the agreement is unenforceable because it is not supported by consideration. We do not agree. The Merwarths gave up a right to set aside the sheriff's sale for want of conformity to law in return for the settlement agreement arrived at between the parties. This waiver of a valid defense to a sheriff's sale was certainly more than sufficient consideration. It would be manifestly unjust for Mrs. Townsend to refuse to convey the tract, including all of the buildings, as shown by the survey, after appellants had kept their part of the agreement.

Mrs. Townsend also argues that appellants were guilty of laches. Again, we do not agree. The parties had attempted several times to comply with the agreement, but each time one side or the other objected for

480

specified reasons. This conduct does not constitute laches on the part of either party.

Decree reversed. Case remanded to the Court of Common Pleas of Northampton County for proceedings consistent with this opinion. Costs to be borne by appellee.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.