333 A.2d 751

**Harold C. ROSS et al., Appellants,**

v.

**SHAWMUT DEVELOPMENT CORPORATION.**

Supreme Court of Pennsylvania.

Argued Oct. 10, 1974.

Decided March 18, 1975.

330

James A. Esler, Robert X. Medonis, Pittsburgh, D. Dale Claypool, Kittanning, for appellants.

Thomas D. Stauffer, Kittanning, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellants brought this action in equity as a class action to compel either specific performance of alleged options to purchase lots which they leased from appellee or renewal of their respective leases. Preliminary objections were filed challenging both the propriety of the class action and the sufficiency of the complaint to plead a cause of action. The trial court concluded that the class action was improper as to one of appellants' two alternate claims and that the individual plaintiffs had failed to state a sufficient claim for relief on either basis. This appeal followed.[1] We affirm.

The facts, as they appear in the complaint [2] and the stipulation of the parties, are as follows. Appellee is

---

1. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(4), 17 P.S. § 211.202(4).

2. Preliminary objections admit, for the purpose of testing the sufficiency of the complaint, all properly pleaded facts, but not conclusions of law. *Balsbaugh v. Rowland*, 447 Pa. 423, 426, 290 A. 2d 85, 87 (1972).

the owner of a large tract of land (approximately 1028 acres) in Armstrong County. At various times from 1963 through 1971, it entered into 104 annual leases (which were renewed from time to time and still in force on February 1, 1971) of portions of this tract to various tenants. Most of the parcels were leased as sites for trailers or vacation cabins (these being described as "campsites"), although a few parcels were leased with houses on them. Of the 104 leases, 87 of them (covering lots with a total area of roughly 26 acres) provided, "If land be sold in parcels, tenant will have first option for buying lot under lease." Appellants are six of the tenants whose leases of campsites contain this provision.

In the spring of 1971, appellee notified its tenants that their leases would not be renewed and requested them to remove their buildings and other property by the termination date of their respective leases. Appellants then commenced this action on behalf of themselves and all other tenants of appellee similarly situated. They sought relief on two theories.

First, they contended that representatives of appellee had assured tenants that their possession of the leased premises would not be disturbed so long as they paid the agreed annual rental and taxes on any improvements. The tenants allegedly relied on these representations by expending "varying but substantial sums of money in making improvements to their respective leasehold interests." Consequently, appellants argued that appellee is estopped to terminate the leases.[3]

Second, appellants rely on the "first option" to purchase their respective lots "if land be sold in parcels." They contend that this option was triggered by appellee's

3. The trial court held appellants' pleadings on this point insufficient to allege a claim on which relief might be granted and this portion of the decision below is not appealed. This issue is relevant, however, to the discussion of the class action question.

sale in March, 1970, of a 10.59 acre portion of its Armstrong County tract.

Appellee filed preliminary objections to the complaint.[4] The trial court sustained certain of these, holding that (1) the class action was improper as to the claimed estoppel, (2) the allegations were insufficient to establish an estoppel, (3) the alleged options were invalid because they failed to adequately describe the property or specify the purchase price, and (4) even were the options otherwise valid they had not been triggered. Appellants have now abandoned their claim of estoppel, but contend that the ruling on each of the other points was erroneous.

■ Appellants' challenge to the order concerning the class action proceeds on the assumption that the trial court's ruling on this point found the entire class action improper because of varying amounts expended by tenants in improving their leasehold. Appellants correctly argue that mere differences in the amount of damages do not render a class action improper under Pa.R.Civ.P. 2230, 12 P.S. Appendix. 4 R. Anderson, Pennsylvania Civil Practice § 2230.9 (1962) ; see *Gold Strike Stamp Co. v. Christensen*, 436 F.2d 791, 798 (10th Cir. 1970); *Oppenheimer v. F. J. Young & Co.*, 144 F.2d 387, 390 (2nd Cir. 1944) (A. Hand, J.); *Weeks v. Bareco Oil Co.*, 125 F.2d 84, 88 (7th Cir. 1941) ; *City of Philadelphia v. Morton Salt Co.*, 248 F.Supp. 506, 513–14 (E.D.Pa.1965); 3B J. Moore, Federal Practice ¶ 23.45[2], at 23–756 n. 24 (2d ed. 1974). Thus were appellants' characterization of the trial court's ruling accurate, there might be merit in their claim of error.

■ However, the trial court dismissed the class action only "insofar as the claim of equitable estoppel is

---

4. Appellee's initial objections were sustained, and appellants filed an amended complaint. Essentially the same objections were again filed and sustained, the complaint then being finally dismissed. All references to the pleadings in text refer to the amended complaint and the objections thereto.

concerned." Its action was based on the conclusion that the facts alleged indicated that both the representations made by appellee's representative and the reliance on these representations would differ for every member of the alleged class. Consequently, it properly concluded that there were no common questions of law or fact in regard to this claim. See *Gilbert v. Clark*, 13 F.R.D. 498 (D.Mass.1952). The considerations stated by the trial court in support of its action relate only to the estoppel claim and not to the claim based on a form lease used in numerous similar transactions between a single lessor and various lessees. See *Buchanan v. Brentwood Federal Savings & Loan Association*, 457 Pa. 135, 159–61, 320 A.2d 117, 130–31 (1974) (form mortgages). This further emphasizes that the issue decided pertained only to the estoppel claim.

■ Clearly the trial court ruled on the propriety of the class action only as to the estoppel claim, where the pleadings gave an adequate basis to determine the propriety of the class action. Various questions bearing on the propriety of the class action as to the contractual claim—most notably the adequacy of representation of the class by appellants—could not be determined without additional information. Therefore the trial court properly refrained from determining that issue.

■■ Turning to the merits of the contractual claim, we conclude that the lease, as pleaded, gives appellants only a right of first refusal.[5] See *Gateway Trading Co.*

5. Our conclusion on this point makes it unnecessary for us to consider the merits of the claim of inadequate description of the land, see *Yinger v. Springer*, 452 Pa. 66, 305 A.2d 19 (1973); *Portnoy v. Brown*, 430 Pa. 401, 403–05, 243 A.2d 444, 446–47 (1968); *Suchan v. Swope*, 357 Pa. 16, 19–21, 53 A.2d 116, 118–19 (1947); cf. *Field v. Golden Triangle Broadcasting, Inc.*, 451 Pa. 410, 418–19, 305 A.2d 689, 693–94 (1973); *Glover v. Grubbs*, 367 Pa. 257, 80 A.2d 75 (1951); see generally 2 A. L. Corbin, Contracts, §§ 499, 505 (1962); 4 S. Williston, Law of Contracts § 567A, at 17–22, § 578 (3d ed. Jaeger 1972), 2 M. Friedman, Friedman on Leases, § 15.1, at 617 (1974), or whether that claim was properly presented, see *Brown v. Hahn*, 419 Pa. 42, 45–50, 213 A.2d 342, 344–46

*v. Children's Hospital,* 438 Pa. 329, 335–36, 265 A.2d 115, 119 (1970) ; see generally 2 M. Friedman, Friedman on Leases § 15.5 (1974).  Because appellee has not sold or offered to sell any of the leased lots, the right of first refusal has not been triggered and appellants have failed to state a claim on which relief could be granted.

██ The entire relevant portion of the lease, except for the description of the leased premises, reads: "If land be sold in parcels, tenant shall have first option for buying lot under lease." Appellee urges that this is fatally indefinite both as to purchase price and the conditions of exercise.  Both of these contentions fail if the provision is construed as a right of first refusal, simply requiring appellee, before it sells the leased lot to some third party, to offer it to the tenant on the same terms it is willing to accept from the third party.  Not only does this appear to be the natural construction of this provision, but it avoids the inequitable result of allowing the designer of a form lease to deny all obligation under a particular provision favoring the other party on the ground that the provision is "indefinite." Such a provision ought to be construed to protect the reasonable expectations of the adhering party.  *Sykes v. Nationwide Mutual Insurance Co.,* 413 Pa. 640, 641–42, 198 A.2d 844, 845 (1964) ; *Unit Vending Corp. v. Lacas,* 410 Pa. 614, 617, 190 A.2d 298, 300 (1963) ; *Consolidated Tile & Slate Co. v. Fox,* 410 Pa. 336, 339, 189 A.2d 228, 229–30 (1963).

When the option provision is construed as a right of first refusal, it becomes clear that appellants acquired no rights from the March, 1970 sale.  Appellee had never given *any* lease of the tract sold, or any portion of it, which contained any right in the lessee to purchase the demised premises.

No offer to sell or sale of any lot leased to appellants or any member of the class they seek to represent has

(1965); *Goldman v. McShain,* 432 Pa. 61, 67–74, 247 A.2d 455, 458–61 (1968).

been alleged. It is therefore clear that the right of first refusal never became an option which could be exercised. The trial court was thus correct in dismissing the complaint.

Decree affirmed. Each party pay own costs.

EAGEN, J., concurs in the result.