537 A.2d 330

John L. HAYES, III, Nancy L. Hayes and John L. Hayes, IV, Individually and on behalf of all others similarly situated, Appellants,

v.

MOTORISTS MUTUAL INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued May 12, 1987.

Filed Dec. 28, 1987.

Reargument Denied Feb. 11, 1988.

Michael P. Malakoff, Pittsburgh, for appellants.

David R. Johnson, Pittsburgh, for appellee.

Before WIEAND, KELLY and POPOVICH, JJ.

WIEAND, Judge:

This is an appeal from an order denying class certification and directing that plaintiffs' action proceed as an individual action via compulsory arbitration. The trial court held that plaintiffs had failed to satisfy the adequacy of representation requirement [1] and that their action had failed to satisfy the commonality, typicality, and predominance requisites for class certification.[2] Plaintiffs appealed. We conclude that the trial court did not err or abuse its discretion by determining that the action failed to meet the commonality,

1. See: Pa.R.C.P. 1702(4) and 1709(2) and (3).
2. See: Pa.R.C.P. 1702(2), 1702(3) and 1708(a)(1).

typicality, and predominance requirements for class certification. Therefore, we affirm.

John Hayes, IV, (John) was injured in an automobile accident on June 16, 1984. He was insured under a policy of automobile insurance which had been purchased by John Hayes, III (Jack) and Nancy L. Hayes from Motorists Mutual Insurance Co. (Motorists). Because the policy contained a coordination of benefits clause, Motorists paid only that portion of John's medical bills which was not paid by the Hayes's major medical insurance carrier. This was approximately twenty (20%) percent of John's total medical bills.

The Hayeses filed a class action suit against Motorists to recover the balance of John's medical bills. By the averments of the complaint, the Hayeses purported also to represent:

All of Defendant Motorists' insureds who sustained personal injuries which would have been covered by Defendant's no-fault policies but for the designation on the declarations page under the Personal Injury Protection section which stated 'Medical Expenses' which Defendant interpreted to provide that Coordination of Benefits was applicable. The class encompasses all such insured claimants whose allowable expenses arose, whose benefits were denied, or whose last basic loss benefits were paid on or after July 30, 1983.

A motion for summary judgment by Motorists, based on the language of the policy, was denied by the trial court. A hearing on the Hayes's request for class certification was thereafter held on May 29, 1986. This request was denied on July 11, 1986.

The decision of a trial court "concerning class certification is a mixed finding of law and fact entitled to 'appropriate deference' upon appeal." *Janicik v. Prudential Insurance Co. of America*, 305 Pa.Super. 120, 127, 451 A.2d 451, 454 (1982) (quoting with approval from *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 235, 348 A.2d 734, 739 (1975), on remand, 241 Pa.Super. 192, 360

A.2d 681 (1976)). " 'Trial courts are vested with broad discretion in determining definition of the class as based on commonality of the issues and the propriety of maintaining the action on behalf of the class.' " *Janicik v. Prudential Insurance Co. of America, supra,* quoting *Klemow v. Time, Inc.,* 466 Pa. 189, 197, 352 A.2d 12, 16 (1975). Therefore, we may not disturb the trial court's order denying class certification "unless the court neglected to consider the requirements of the rules [of civil procedure] or abused its discretion in applying them." *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa.Super. 441, 448, 500 A.2d 1137, 1141 (1985).

■ Pa.R.C.P. 1702 sets forth the prerequisites which must be met in order to maintain a class action as follows:

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

To further determine whether the representative parties will adequately represent the class under Pa.R.C.P. 1702(4), we must look to the criteria set forth in Pa.R.C.P. 1709, which provides:

In determining whether the representative parties will fairly and adequately assert and protect the interests of the class, the court shall consider among other matters

(1) whether the attorney for the representative parties will adequately represent the interests of the class,

(2) whether the representative parties have a conflict of interest in the maintenance of the class action, and

(3) whether the representative parties have or can acquire adequate financial resources to assure that the interests of the class will not be harmed.

Finally, we must look to the criteria set forth in Pa.R.C.P. 1708 in order to determine whether a class action will, as required by Pa.R.C.P. 1702(5), provide a fair and efficient method to adjudicate the controversy. The relevant portion of Rule 1708, for purposes of this appeal, provides as follows:.

In determining whether a class action is a fair and efficient method of adjudicating the controversy, the court shall consider among other matters the criteria set forth in subdivisions (a), (b) and (c).

(a) Where monetary recovery alone is sought, the court shall consider

(1) whether common questions of law or fact predominate over any question affecting only individual members;

This Court has described the proof needed to satisfy the commonality requirement for class certification as follows:

To satisfy the commonality requirement, plaintiffs must establish that their claim presents "questions of law or fact common to the class." Pa.R.C.P. 1702. While the existence of individual questions is not necessarily fatal, it is essential that there be a predominance of common issues shared by all class members which can be justly resolved in a single proceeding. *Klemow v. Time, Inc.*, 466 Pa. 189, 352 A.2d 12 (1976); *ABC Sewer Cleaning Co. v. Bell of Pennsylvania*, 293 Pa.Super. 219, 438 A.2d 616 (1981).

*D'Amelio v. Blue Cross of Lehigh County, supra,* 347 Pa.Superior Ct. at 452, 500 A.2d at 1142–1143. The commonality requirement was further described by this Court in *Allegheny County Housing Authority v. Berry,* 338 Pa.Super. 338, 487 A.2d 995 (1985), where we said:

The common question of fact means precisely that the facts must be substantially the same so that proof as to

one claimant would be proof as to all. This is what gives the class action its legal viability.

> If ... each question of disputed fact has a different origin, a different manner of proof and to which there are different defenses, we cannot consider them to be common questions of fact within the meaning of Pa.R.C.P. 1702. *Ross v. Shawmut Development Corporation*, 460 Pa. 328, 333 A.2d 751, 73 A.L.R.3d 847 (1975).

*Id.*, 338 Pa.Superior Ct. at 342, 487 A.2d at 997.

The dispute between plaintiffs and defendant in the instant case concerns the coordination of benefits clause in the policy. Specifically, the policy provides as follows:

COORDINATION OF BENEFITS

When indicated as applicable in the declarations, Coordination of Benefits applies to the named insured and any relative.

Medical Expenses is excess to a qualified primary source, excluding Medicare Benefits, designated by the named insured. If the primary source is not available, a $250 deductible applies to the named insured.

Generally, clauses of this type have been upheld by the courts. See: *Hess v. Allstate Insurance Co.*, 614 F.Supp. 481 (W.D.Pa.1985), *aff'd*, 804 F.2d 1248 (3d Cir.1986); *Banker v. Valley Forge Insurance Co.*, 363 Pa.Super. 456, 526 A.2d 434 (1987). See also: Pennsylvania No–Fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, § 1009.203(b) and (c), repealed by the Act of February 12, 1984, P.L. 26, No. 11, § 8(a) effective October 1, 1984.[3]

**3.** Section 203 of the former Pennsylvania No–Fault Motor Vehicle Insurance Act, entitled "collateral benefits" provided as follows:

(b) The owner or operator of a motor vehicle may elect to provide for security in whole or in part for the payment of basic loss benefits through a program, group, contract or other arrangement that would pay to or on behalf of the victim or members of his family residing with him or the survivor of a deceased victim, allowable expense, loss of income, work loss, replacement services loss and survivors loss. In all such instances, each contract of insurance issued by an insurer shall be construed to contain a provision that all basic loss benefits provided therein shall be in excess of any valid and collectible benefits otherwise provided through such program, group, contract or

They permit the insured to pay a reduced premium for automobile insurance coverage by coordinating medical benefits payable under the policy with primary medical coverage provided by a medical insurance carrier. Although there is then full coverage for medical expenses incurred in a motor vehicle accident, the vehicle insurance carrier is required to pay only those costs not reimbursed by the medical insurance carrier. See: *Steppling v. Pennsylvania Manufacturers' Ass'n. Insurance Co.*, 328 Pa.Super. 419, 427, 477 A.2d 515, 519 (1984).

If the Hayes's action involved nothing more than an interpretation of the "coordination of benefits" clause of their insurance policy, the presence of a common issue would be relatively clear. "Claims arising from interpretations of a form contract generally give rise to common questions." *Janicik v. Prudential Insurance Co. of America, supra* 305 Pa.Super. at 133, 451 A.2d at 457. The Hayes's claim, however, does not involve solely an interpretation of the "coordination of benefits" clause of the policy. Indeed, the language thereof is unambiguous and relatively straightforward. Instead, the Hayeses seek to avoid the limiting effect of this clause on grounds that, in the sale of the policy, the "coordination of benefits" clause was not explained to them and because the declarations page of their policy made no reference to the "coordination of benefits." According to appellants, they did not want a "coordination of benefits" clause in their policy and did not know it had been included. This caused the trial court to conclude as follows:

In light of the evidence adduced at the certification hearing, it is clear that plaintiffs would be unable to testify on behalf of all insureds of defendant. Although the insurance policies in question are similar and standing

other arrangement as designated at the election of the owner or operator which shall be primary.

(c) An insurer providing basic loss benefits and tort liability in accordance with the provisions of subsection (b) above shall reduce the cost of such contract of insurance to reflect the anticipated reduction in basic loss benefits payable by the insurer by reason of the election of the owner or operator to provide substitute security.

alone would provide a basis for certification if there was no other evidence, the introduction of the pertinent portions of the application, as well as the testimony of Nancy L. Hayes quoted above, raise individual factual questions. That evidence establishes that the policy issued to plaintiffs together with the application was intended to provide excess coverage, yet Nancy L. Hayes wanted full coverage and never heard of either primary or excess coverage. In order to prove liability on behalf of defendant to all its insureds to pay primary benefits, it would be necessary to present evidence regarding each policy issued; such as, what was in the application, if there was one, what coverage the insureds sought to obtain, and what was said by the defendant's agent to each insured and what was said by each insured to the defendant's agents relating to coverage.

.     .     .     .     .

In this action, there is not a common or similar "practice or course of conduct" which can be inferred from either the testimony of the class representative Nancy L. Hayes or from the information on the application which was signed by her. Although her testimony shows that she did not know that she had a choice to coordinate benefits, there is no testimony that agent Stephen Mamula engaged in conduct common to all agents employed by defendant. There is no indication that of the 1823 claims paid out by defendant in 1983 and 1984 on policies which designated that medical benefits were excess, the insureds thereunder did not choose to coordinate benefits in order to obtain a lower premium. In order to determine what the class members knew when they applied for their insurance it would be necessary to take individual testimony as to the circumstances surrounding the application for and issuance of each contract of insurance. Under such circumstances it is impossible to find that there are questions of fact which are common to all class members.

We have painstakingly reviewed the record and observe that the trial court carefully considered all the evidence

presented at the class certification hearing and properly concluded that the Hayeses had failed to demonstrate the existence of a common question of law or fact which predominated over the individual circumstances surrounding the purchase of the Hayes's policy of automobile insurance.

It necessarily follows that the Hayeses also failed to satisfy the typicality requirement of Pa.R.C.P. 1702(3). With respect thereto, the trial court said:

Failure to find commonality in these circumstances necessitates a conclusion that the typicality requirement of rule 1702(3) has likewise not been met.

The typicality requirement of Pa.R.C.P. 1702(3) is closely akin to both the commonality requirement of subsection (2) and the adequacy of representation requirement of subsection (4). The requirement was designed to ensure that the representative is squarely aligned in interests with the proposed class, on the theory that pursuit by the representative of its own interests will advance the interests of the proposed class members which are aligned with those of the representative.

*Albin v. Bell Telephone Co. of Pennsylvania*, 291 Pa.Super. 40, 48, 435 A.2d 208, 212 (1981); see also *Janicik*, *supra*, 305 Pa.Superior Ct. 134, 451 A.2d at 457. The evidence adduced at the class certification hearing does not demonstrate typicality of claims; rather it demonstrates only that representative plaintiff allegedly was not told of certain options under the No-fault Act by one of defendant's agents when she applied for insurance. As with the issue of commonality, use of a common form application and issuance of similarly worded polciies [sic] of insurance does not establish typicality if the circumstances surrounding the issuance of each contract of insurance must be considered in order to discern the intent of the parties when each of the policies was entered into. Plaintiffs have failed to show that their claim is typical of all other persons who have insurance policies.

For these reasons, we affirm the trial court's order denying appellants' request for class certification. Appellants

failed to meet the commonality and typicality requirements for class certification.

Because of this decision, we find it unnecessary to decide whether the trial court erred in concluding that appellants failed to show an ability to represent the class adequately. We observe, however, that while the Hayeses did not appear in person at the certification hearing, the deposition testimony of Nancy Hayes was offered to the court and other evidence was presented to show that the Hayeses would be able to represent the class. This is in sharp contrast to the facts of *Miller v. Federal Kemper Ins. Co.*, 352 Pa.Super. 581, 508 A.2d 1222 (1986), upon which the trial court relied. There, the plaintiff had relied solely upon the conclusory allegations of the complaint. On the other hand, we recognize that the specific circumstances relied upon by appellants to avoid the coordination of benefits clause in their policy would make it more difficult to represent the interests of other assureds whose policies were purchased under different circumstances.

Order affirmed.