**Nelson v. Stine, Davis and Peck Insurance**

**416**

*Kenneth A. Wise,* for plaintiff.

*John W. Heslop Jr.,* for defendant Stine, Davis and Peck Insurance.

WALKER, *J.,* September 10, 1990 — This is a companion case to *Scott H. Nelson, M.D. v. Old Guard Mutual Insurance Company, Richard's Insurance Service, and Elton Schoen,* Fulton County Branch, Civil Action — Law, no. 105 of 1988-C. Defendant Stine, Davis and Peck Insurance has succeeded to the assets and liabilities of Richard's Insurance Service.

Plaintiff Scott H. Nelson and defendant Elton Schoen owned a farmhouse as tenants in common. The property was know as Stone Top Mountain Farm and was located in Todd Township, Fulton County, Pennsylvania.

In 1980, Nelson acquired insurance coverage on the house with defendant Old Guard Mutual Insurance Company through its agent, Richard's. He instructed Richard's to send all billings and notices to the plaintiff at his New Cumberland, Pa., address. Richard's did in fact send the notices to that address and the bills were paid through 1984. However, Richard's failed to send any premium renewal, non-renewal or cancellation notices for the November 10, 1985 to November 10, 1986 policy period.

In November or December 1985, Schoen contacted Richard's and requested that a bill be sent to plaintiff in New Cumberland. John Brown, an agent with Richard's, told Schoen that the billings would

be sent to that address. No billings or notices were sent to the plaintiff.

Nelson learned in February, 1986, that no payments had been made for insurance in 1985 and requested Schoen to contact Richard's and request a billing. Schoen did so and Richard's agent informed Schoen that bills had been sent to plaintiff and would be mailed to him in the future. No bills were sent. The agent did not tell Schoen at the meeting that the policy had earlier been canceled.

Schoen again contacted Richard's when no bills were received and was informed by the agent that bills would be mailed. No bills were sent.

A fire destroyed the farmhouse on May 13, 1986, causing $75,000 in damage to the structure, beyond the limits of the $46,000 policy, and resulting in content loss of $12,000.

Nelson sent Old Guard a check for $200, the approximate 1985-1986 premium, on May 18, 1986. Old Guard accepted and negotiated the check. Plaintiff demanded payment from Old Guard pursuant to the terms of the policy on July 28, 1986, and Old Guard refused to make payment.

Plaintiff filed a complaint against Stine Davis as Richard's successor on April 18, 1989. Stine Davis filed preliminary objections in the nature of a demurrer on the ground that none of the facts alleged in the complaint alleged fraudulent conduct for the purposes of a cause of action under the Consumer Protection Law. President Judge John W. Keller delivered the opinion of this court on September 15, 1989, sustaining Stine Davis' preliminary objections and granting Nelson leave to file an amended complaint.

Nelson filed a corrected amended complaint on October 23, 1989, and Stine Davis filed preliminary

objections to the amended complaint in the nature of a demurrer on March 12, 1990. Again, Stine Davis demurred on the grounds that the amended complaint failed to allege facts which would fall within the purview of the Consumer Protection Law.

Stine Davis filed a brief in support of its preliminary objections on June 7, 1990. Arguments were heard on the objections on June 26, 1990 in Fulton County. Nelson filed a brief in opposition to Stine Davis' preliminary objections on July 2, 1990.

## DISCUSSION

Two statutory mandates control the disposition of this case. The first is the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq. The second is Pennsylvania Rules of Civil Procedure, rule 1019(b).

The Consumer Protection Law provides a limited range of protection. The specific activities which are prohibited in the law are provided in subsections 201-2(4)(i) through (xvi). Subsection (xvii) is the so-called "catchall provision," which provides that it is a violation of the Consumer Protection Law for any person to engage "in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding."

This court has carefully studied the plaintiff's complaint and must assume that it is this catchall under which he hopes to recover. Plaintiff has not alleged that the complaint fits within the ambit of any of the act's other provisions and this court, after careful consideration, believes that it could not fit within any of the more specific prohibitions. Count 2 of the complaint merely provides:

"(25) The willful or wantonly negligent misrepresentation of defendant with respect to insurance coverage constitutes an unfair or deceptive trade practice of law within the meaning of the Pennsyl-

vania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq."

We are quite aware that we must interpret the wording of the Consumer Protection Law very broadly. The Pennsylvania Supreme Court had the opportunity to interpret the law in a 1974 decision, in which it stated:

"Although the Consumer Protection Law did articulate the evils desired to be remedied, the statute's underlying foundation is fraud prevention. . . . Since the Consumer Protection Law was in relevant part designed to thwart fraud in the statutory sense, it is to be construed liberally to effect its object of preventing unfair or deceptive practices." *Commonwealth v. Monumental Properties Inc.,* 459 Pa. 450, 459, 329 A.2d 812, 817 (1974), on remand 26 Pa. Commw. 399, 365 A.2d 442.

Although we are aware of our mandate, and although plaintiff says that the defendant's alleged misrepresentation is an unfair or deceptive practice, such an allegation does not make it so. Pennsylvania Rules of Civil Procedure 1019(b) requires that "averments of fraud . . . shall be averred with particularity." We hold today that the complaint fails to do so.

We are persuaded by the Commonwealth Court's decision in *Commonwealth by Zimmerman v. National Apartment Leasing,* 102 Pa. Commw. 623, 519 A.2d 1050 (1986). There, the attorney general brought an action against a group of landlords alleging that the defendants wrongfully used portions of security deposits to clean apartments.

In its complaint, the attorney general's only reference to fraud was in its recitation of subsection (viii) of the Consumer Protection Law section 201-2(4), that it is unfair for any person to engage "in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding." The

Commonwealth Court sustained the landlords' preliminary objections that the complaint failed to plead fraud with sufficient particularity.

The complaint at bar fails to extract or even paraphrase the language of the Consumer Protection Law provided in section 201-2(4)(xvii) which prohibits fraudulent conduct. In fact, no where in the plaintiff's complaint is the word "fraud" ever used. We must hold that this is insufficient to satisfy the requirements of Pa.R.C.P. 1019(b).

Turning our attention now to Stine Davis' demurrer, we are mindful that its preliminary objection has the effect of admitting as true all relevant facts which are sufficiently pleaded in plaintiff's complaint, but not conclusions or averments of law or unjustified inferences. *Ross v. Shawmut Development Corp.*, 46 Pa. 328, 331, 333 A.2d 751, 752 (1975). The preliminary objection should be sustained only if it is clear and free from doubt that, upon the facts averred, the law will not permit recovery. *Allstate Ins. Co. v. Fioravanti*, 451 Pa. 108, 111, 299 A.2d 585, 587 (1973).

Assuming that defendant did in fact misrepresent to plaintiff that it had sent renewal notices to his New Cumberland address and withheld notice of cancellation, are those facts alone sufficient to authorize a suit under the Consumer Protection Law? This court holds that it is not.

Again, we must note that unless the alleged misrepresentations were in some way fraudulent, the facts averred would be inadequate to make out a cause of action under the Consumer Protection Law. Plaintiff fails to aver any facts which show fraud on the defendant's part.

The Commonwealth Court has just recently held that there must be some showing of intentional misconduct on the part of the defendant to violate

the catchall provisions of the Consumer Protection Law, *Chatham Racquet Club v. Commonwealth*, 116 Pa. Commw. 55, 541 A.2d 51 (1988). There, the trial court granted a preliminary injunction on the basis that the club's increase in fees violated the fraudulent conduct provision. The court vacated the injunction because there was no express finding of fraud, saying:

"It is only when the confusion and misunderstanding created by the actor is fraudulent that the provisions of the act may be activated. . . . Our review of the trial judge's comments during the course of the hearing indicate that he was not convinced that the club had done any intentional wrong but rather that there was a valid reason for a bona fide difference of opinion in interpreting what was intended in the purchase agreement by the words 'subject to' existing memberships. In our judgment such circumstances fall short of fraud or fraudulent conduct." 116 Pa. Commw. at 60, 541 A.2d at 54.

Fraud consists of some intentional and deceitful practice, or, at the very least, some facts that might allow us to imply that the defendant intentionally misrepresented the situation to the plaintiff. This court is unaware of any insurance company that would deliberately not collect premiums due. Plaintiff offers no facts averring that this is what occurred.

It may well be that plaintiff can indeed aver facts that will overcome the deficiencies in his complaint. We are at a loss to understand why he did not do so when afforded the opportunity. As the complaint presently stands, the facts alleged, even when viewed in light most favorable to the plaintiff, do not state a possible cause of action for fraud.

Accordingly, Stine Davis' preliminary objection to plaintiff's amended complaint is sustained and count 2 of the complaint must be dismissed.

### ORDER OF COURT

September 10, 1990, Stine Davis' preliminary objection to count 2 of plaintiff's amended complaint is sustained.

Count 2 of the amended complaint is dismissed.

Plaintiff is, once again, granted 20 days to file an amended complaint.