634 A.2d 1137

**Dr. Robert BELL and Yeon Choi, Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 7, 1993.

Filed Dec. 3, 1993.

436

Joel M. Lieberman, Philadelphia, for appellants.

James T. Moughan, Philadelphia, for appellee.

Before POPOVICH, JOHNSON and HOFFMAN, JJ.

POPOVICH, Judge:

This case concerns an appeal from the December 31, 1992, order of the Court of Common Pleas of Philadelphia County granting in part the preliminary objections to the complaint of the plaintiffs/appellants (Dr. Robert Bell & Yeon Choi). We quash.

On October 6, 1992, the plaintiffs (Yeon Choi, as the insured/injured party, and Dr. Robert Bell, as the medical

provider) filed a two-count complaint against the defendant/appellee (State Farm Mutual Insurance Co.) claiming a breach of contract (Count I) for "fail[ing] and refus[ing] to pay all ... first party benefits [under the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S.A. § 1701 et seq., as amended] ... to the medical provider" and (Count II) "violat[ing] it[s] fiduciary, contractual and/or statutory duties and good faith and fair dealing ... towards the plaintiff, Yeon Choi, ... in specific violation of 42 Pa.C.S.A. § 8371." Paragraphs 9 & 16.

On November 24, 1992, the defendant filed preliminary objections alleging, *inter alia,* a demurrer to Count II on grounds that:

Plaintiffs [we]re not entitled to damages under 42 Pa. C.S.A. § 8371 because:

a) the statute does not apply to medical payment claims under the MVFRL; and

b) complying with the statutory procedures contained in § 1797 cannot be the basis for a bad faith claim.[1]

Paragraph 16: see also defendant's Memorandum of Law at 3–7, where it was argued that Section 8371 makes mention of the MVFRL or first party benefits and is therefore not applicable to the instant suit.

In their Answer, the plaintiffs asserted that under the MVFRL medical providers retained the right to bring suit against their patients for medical bills "not covered" under the MVFRL and could challenge the determination of a Peer Review Organization (PRO) by litigation. The right to bring suit under 42 Pa.C.S.A. § 8371 was an alternative remedy to seeking reconsideration of the PRO's ruling: "the sole issue is whether the plaintiff has the alternative right to bring a claim under 42 Pa.C.S.A. § 8371." See Plaintiffs' Memorandum of

---

1. In a Memorandum of Law in support of the defendant's preliminary objections, it was argued that the plaintiff, Choi, lacked standing to bring suit under the MVFRL because she was not personally liable for such bills, inasmuch as the MVFRL provides that billings for medical treatment will be resolved between the provider and insurer under a peer review organization procedure.

Law at 2. This issue, as noted by the plaintiff, Choi, has yet to be ruled upon by an appellate court. *Id.* at 3.

By order of court dated December 31, 1992, the defendant's preliminary objections were sustained in that Count II of the plaintiffs' complaint was stricken. This appeal followed and raises the single claim:

Did the Court below improperly grant Preliminary Objections in favor of defendant striking the right of plaintiffs to bring action under 42 Pa.C.S.A. § 8371 when the claim evolved as a result of a refusal of a first party benefit insurance carrier to pay benefits according to statutory requirements resulting from a motor vehicle accident?

Appellants' Brief at v. Prior to addressing the merits of the Appellants' Section 8371 "bad faith" claim against the insurer/State Farm, we must decide the appealability of the order.

■ It is beyond cavil in this jurisdiction that an order dismissing some, but not all, counts of a multi-count complaint is generally interlocutory and not immediately appealable. See *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983), wherein this Court, sitting en banc, reaffirmed the long-standing rule allowing for appeals of orders dealing with separate but distinct causes of action from that portion of a single lawsuit which could be pursued at the trial level while appellate review was afforded that claim(s)/party(ies) dismissed by the court below. See also *Dash v. Wilap Corp.*, 343 Pa.Super. 584, 495 A.2d 950 (1985).

■ The appellants, in a letter communication with this Court (via Central Legal Staff on the appealability issue) dated April 20, 1993, espoused the position that:

The first count [of the complaint] was for first party benefits in accordance with the Pennsylvania [MVFRL] and the amendments in Act 6. Count II specifically relates to the allegations that the defendant committed bad faith conduct under 42 Pa.C.S.A. § 8371. This claim, while related to the conduct contained in Count I, the allegations contained in Count II are separate and distinct and based upon statutory law which is different than the claims presented in Count I.

In accordance with *Hardy v. Pennock Insurance Agency,* [365 Pa.Super. 206,] 529 A.2d 471 (1987) and *Gordon v. Pennsylvania Blue Shield,* [378 Pa.Super. 256,] 548 A.2d 600 (1988), the claims presented by plaintiffs in Count II are separate and distinct and are therefore appealable and not interlocutory.... [2]

We disagree.

Prior to the amendments to Pa.R.App.P. 341 (effective July 6, 1992), the law, as it existed under the progeny of *Praisner,* supra, required that a case-by-case approach be applied in deciding if the issue(s) appealed should be labelled interlocutory or final. It spawned a patchwork of decisions which, instead of fostering jurisprudential law, caused a proliferation of appeals by those practitioners who did not want to be caught in the web of the waiver doctrine or statute of limitations for failing to appeal an order (uncertain as to its finality aspect) in a timely fashion. This result was the direct opposite from that intended by our Supreme Court in *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978), and *Tagnani v. Lew,* 493 Pa. 371, 426 A.2d 595 (1981).

However, with the formulation of the amendments to Rule 341, generated by the Appellate Rules Committee and approved by our Supreme Court, a semblance of structure and uniformity of the application of a standard for evaluating premature appeals was put into place. Now it is stated in clear and unequivocal terms, counseling against piecemeal litigation, that a final order is any order that disposes of all claims or of all parties, save in those instances in which the trial court enters an order as to one or more but fewer than all the claims or parties and expressly determines that an immediate appeal would facilitate resolution of the entire case. See Rule 341(b)(1), (c). Also, the *Note* following the Rule elaborates further:

> The following is a partial list of orders previously interpreted by the courts as appealable as final orders under

2. Because these rulings precede the amendments to Pa.R.App.P. 341, we do not find them to be controlling in making our ruling. See discussion infra.

Rule 341 that are no longer appealable as of right unless the trial court ... makes an express determination that an immediate appeal would facilitate resolution of the entire case and expressly enters a final order pursuant to Rule (c):

(1) *an order dismissing one of several causes of action pleaded in a complaint but leaving pending other causes of action[.]* [Emphasis added]

At bar, there is no indication that the court below entered an order granting the appellants the right to appeal the December 31, 1992, order.

Further, because we find the appellants' appeal to be interlocutory and not one granted "as of right" (per Pa.R.App.P. 311) or by "permission" (under Pa.R.App.P. 312), the appeal is held to be premature and need not be granted immediate appellate review: it does not involve a right so precious that irreparable loss/injury/damage will be sustained by the appellants if review is delayed until the *entire* law suit has been decided on its merits as to *all* counts in the complaint. *Id.; Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

Stated otherwise, the plaintiffs' complaint was filed October 6, 1992, a full three (3) months after the effective date of the amended version of Rule 341. Thus, the order appealed is to be assessed as to its finality pursuant to Rule 341.

We would hope that an era of stability will follow the promulgation of Rule 341, and curb the onslaught of piecemeal review of suits which do not fall under any of the exceptions (i.e., by permission or as of right) allowing for interlocutory appeals under our Rules of Appellate Procedure.

Instantly, we fail to detect how the appellants' appeal of the grant of the appellee's preliminary objections as to Count II of their complaint necessitates immediate review. The Section 8371 "bad faith" claim may await scrutiny until after a resolution of the entire lawsuit, which is still viable under Count I (breach of contract). To the extent that the appellants have attempted to circumvent the new procedural course outlined (under the as of yet uninterpreted amended version) in Rule

341, we will not allow such an interlocutory appeal to occur in the face of procedural rules dictating that the appeal be quashed. Toward that end, we do so now.

Appeal quashed.

(1) An individual identified by name as an insured in a policy of motor vehicle liability insurance.

(2) If residing in the household of the named insured:

(i) a spouse or other relative of the named insured; or

(ii) a minor in the custody of the named insured or relative of the named insured."

75 Pa.C.S. § 1702