679 A.2d 785

**Francis A. HANSON, Robert Thompson, John D. McCabe, Frank D. McMullin, David Nolan, Angelo A. Saggiomo, John Ingram and Charles Yeager, Appellants,**

**v.**

**FEDERAL SIGNAL CORPORATION, Navistar International Transportation Corp., Hahn Truck Sales & Service Corp., KME Fire Apparatus C/O Kovatch Mobile Equipment Corp., Mack Trucks, Inc., American La France, Division of Figgie International, Inc., General Motors Corp., and Sterling Precision Corp., Seagrave Fire Apparatus, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued April 30, 1996.

Filed June 13, 1996.

Martin R. Lentz, Philadelphia, for appellants.

Jonathan B. Sprague, Philadelphia, for Federal Signal Corp., Navistar Intern. Transp. Corp., Hahn Truck Sales & Service Corp., KME Fire Apparatus C/O Kovatch Mobile Equipment Corp.

Before CERCONE and CIRILLO, President Judges Emeritus, and DEL SOLE, J.

CIRILLO, President Judge Emeritus.

Appellants [hereinafter Firefighters] are eight active or retired members of the Philadelphia Fire Department [PFD]. The Firefighters filed a complaint against Federal Signal Corporation and various other defendants, all manufacturers or distributors of sirens used by the PFD. The Firefighters

sought damages and injunctive relief based on alleged hearing loss suffered as a result of defective sirens.

The named Firefighters' amended complaint sought class certification pursuant to Pennsylvania Rule of Civil Procedure 1701. The class consisted of

all persons who, while serving as firefighters in the Philadelphia Fire Department, have been exposed to noise emitted from Federal Signal sirens manufactured, distributed, marketed, promoted, advertised, installed, or sold by Defendants, and have sustained permanent noise induced hearing loss and/or noise induced tinnitus, whose claims are not time-barred.

The trial court, by order of the Honorable Bernard J. Avellino, denied class certification. The court determined that the individual questions predominated over the common questions. The trial court also transferred the cases to the Day Forward (major jury) trial list. This appeal followed. We affirm.

The first matter we must address is this court's jurisdiction, that is, whether an order denying class certification and transferring the cases to a trial list is an appealable order.

Prior to the 1992 amendments to the Pennsylvania Rules of Appellate Procedure, an order denying class certification was considered final and appealable. *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). There, the Pennsylvania Supreme Court held that "orders denying class action status possess sufficiently practical aspects of finality to make them appealable." *Id.* at 229, 348 A.2d at 736.

Arguably, there are two grounds for the decision in *Bell*— the finality aspect and the collateral order doctrine. As one commentator has noted, the theoretical basis for appealability of an order denying class certification is the collateral order doctrine. *See* Darlington, Pennsylvania Appellate Practice (2d ed. 1994) § 313:5. As Darlington indicates, this distinction is significant because the "final aspect" approach to determining appealability has been abandoned in the 1992 amendments to

Pa.R.A.P. 341.[1] The official note to amended Rule 341 states that an order denying class certification in a class action case is "no longer appealable as [a] final order pursuant to Rule 341" but may fall under Rule 312 (Interlocutory Appeals by Permission) or 313 (Collateral Orders). *See Note*, Pa.R.A.P. 341.

■ The July 6, 1992 amendments to the rules of appellate procedure eliminated the final aspect rule and sought to simplify determination of a final order under Pa.R.A.P. 341. *See Bell v. State Farm Mutual Automobile Insurance Co.*, 430 Pa.Super. 435, 634 A.2d 1137 (1993). Rule 341 now defines a final order as any order that disposes of all parties or all claims. Pa.R.A.P. 341(b). *See Bell v. State Farm*, 430 Pa.Super. at 439, 634 A.2d at 1138–1139 ("Now it is stated in clear and unequivocal terms, counselling against piecemeal litigation, that a final order is any order that disposes of all claims or of all parties, . . .").

■ Clearly, an order which denies class certification but transfers the case to the trial list does not fall within the simplified definition of a final order under Rule 341(b); the "final aspect" approach has been abandoned by the 1992 amendments and, therefore, an order denying class certification is no longer appealable as a final order under Rule 341. Such an order may be appealed, however, under the collateral order doctrine. Under the 1992 amendments, the collateral order doctrine was codified in Pa.R.A.P. 313.

Rule 313 provides:

1. Notably, a citation to *Bell v. Beneficial Consumer* is absent from the comment to Pa.R.A.P. 313. The fact that our supreme court in *Bell* adopted the collateral doctrine set forth by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is not indicated in the official note to Rule 313, nor is the example of an order denying class certification listed as one of the various examples provided in that note. We acknowledge, however, that the list of examples of collateral orders included in the note is not exhaustive, and recognize also that the failure to cite to *Bell* in that note is not necessarily significant.

**(a) General Rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

**(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313.

■ The collateral order doctrine is essentially an exception to the final judgment rule. The doctrine emerged in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and was adopted by the Pennsylvania Supreme Court in *Bell, supra.* In *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978), our supreme court stated:

> In *Cohen*, the Supreme Court of the United States carved out an exception to the final judgment rule for situations where postponement of appeal until after final judgment might result in irreparable loss of the right asserted.... We applied *Cohen* in *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 228, 348 A.2d 734, 735 (1975), where we said:
>
>> Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications.

*Pugar*, 483 Pa. at 73, 394 A.2d at 545.

■ Collateral orders are appealable, and are recognized as final even if they do not dispose of all parties or claims. In order to qualify as a collateral order, the order must determine important rights collateral to the main cause of action, which rights would be irreparably lost if review were postponed until the termination of the case. *See* Pa.R.A.P. 313; *see also Bell v. Beneficial Consumer Discount Co., supra; see also Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985); *Kronz v.*

*Kronz,* 393 Pa.Super. 227, 574 A.2d 91 (1990); *P.G. Publishing Company v. Commonwealth,* 389 Pa.Super. 86, 566 A.2d 857 (1989); *Katz v. Katz,* 356 Pa.Super. 461, 514 A.2d 1374 (1986) *appeal denied,* 515 Pa. 581, 527 A.2d 542 (1987).

Recently, in *DiLucido v. Terminix International, Inc.,* 450 Pa.Super. 393, 676 A.2d 1237 (1996), this court addressed the question of whether an order denying class certification was appealable under the collateral order doctrine. We stated:

> [T]he order denying class certification clearly is separable from and collateral to the cause of action for liability.... Next, we note that class actions were established to provide a means by which the claims of many individuals could be resolved at one time, thereby eliminating the possibility of repetitious litigation and providing small claimants with a method to seek compensation for claims that would otherwise be too small to litigate.... Undoubtedly, the opportunity to litigate a meritorious claim is a right that warrants review. Finally, if not immediately appealable, this right would be lost. Any persons who chose to proceed individually would eventually obtain their remedy and would have no reason to appeal the denial of certification, while those with small claims would be turned away without recourse.

*Id.,* 450 Pa.Super. at 397–398, 676 A.2d at 1239. *See Bell v. Beneficial Consumer Co., supra* (refusing to allow appeals here would undermine the basic objectives of the class action rule; the class suit eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation). Having found the elements of Pa.R.A.P. 313 were met, the *DiLucido* court held that an order denying class certification was appealable under the collateral order doctrine.

 We turn now to the question of whether the trial court properly denied certification of the class. The decision of a trial court regarding class certification is a mixed question of fact and law. *See Janicik v. Prudential Insurance Co. of America,* 305 Pa.Super. 120, 127, 451 A.2d 451, 454 (1982). The trial court is vested with broad discretion in determining

the definition of the class as based on commonality of issues and the propriety of maintaining the action on behalf of the class. *Id.* This court, therefore, "may not disturb the trial court's order 'unless the court neglected to consider the requirements of the rules [of civil procedure] or abused its discretion in applying them.'" *Hayes v. Motorists Mutual Insurance Co.,* 370 Pa.Super. 602, 605, 537 A.2d 330, 331 (1987), *alloc. denied,* 520 Pa. 606, 553 A.2d 968 (1988) (quoting *D'Amelio v. Blue Cross of Lehigh Valley,* 347 Pa.Super. 441, 448, 500 A.2d 1137, 1141 (1985)).

Rule 1702 lists the prerequisites to a class action:

1. the class is so numerous that joinder of all members is impracticable;

2. there are questions of law or fact common to the class;

3. the claims or defenses of the representative parties are typical of the claims or defenses of the class;

4. the representative parties will fairly and adequately assert and protect the interest of the class under the criteria set forth in Rule 1709; *and*

5. a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

Pa.R.C.P. 1702.

Rule 1710(a) states:

(a) In certifying, **refusing to certify** or revoking a certification of **a class action, the court shall set forth in an opinion accompanying the order the reasons for its decision** on the matters specified in Rule 1702, 1708 and 1709, including findings of fact, conclusion of law and appropriate discussion.

Pa.R.C.P. 1710(a)(emphasis added). Judge Avellino did not file a 1710(a) opinion; instead, he stated the reasons for denying certification on the record at the conclusion of the certification hearing.[2]

---

**2.** Judge Avellino's statement does not comply with the requirements of Rule 1710(a). The statement, however, is adequate for purposes of our review.

■ Judge Avellino stated on the record that the petitioners had met the first four requirements under Rule 1702. He determined, however, that the fifth requirement (fair and efficient method of adjudication of the controversy), which refers to Rule 1708, was not met. Specifically, Judge Avellino found that the Firefighters had not met the "commonality" requirement of Rule 1708(a)(1). Rule 1708(a)(1) states:

(a) Where monetary recovery alone is sought, the court shall consider

(1) whether common questions of law or fact predominate over any questions affecting only individual members;

Pa.R.C.P. 1708(a)(1). Judge Avellino stated:

After hearing the testimony that I have heard today, I am satisfied that the opposite is true; that in fact the individual questions predominate over the common questions.... The common features in this case are no different than the common features in an ordinary automobile accident case.... [A]ll these folks are firefighters, all of them have been exposed to occupational noises which at least arguably went beyond those that they should be exposed to. Once you get past that, the cases become hopelessly individualistic. For each person, a determination must be made whether he ... suffered a hearing loss, whether the hearing loss is nerve-induced as opposed to conductive, or mixed.... [T]he question then becomes further refined as to whether the siren was the substantial factor.

We agree with Judge Avellino's assessment; the sole common fact is that each plaintiff was occupationally exposed to the fire siren. The remaining questions of fact and law are unique to each person's circumstances, to wit, the type of hearing loss, the cause of the hearing loss, other contributing factors, such as age, heredity, disease, and individual circumstances such as exposure to explosions or weapon fire, and diseases such as Lyme disease and syphilis. At the certification hearing, Herbert Kean, M.D., testified on cross-examination that various factors have to be considered when evaluating the cause or causes of hearing loss, including what people do when they are not working, and other noises to which they are exposed.

Further, Dr. Kean testified that noise susceptibility differs with each individual and differs also according to sex and race.

Judge Avellino's conclusion that the "commonality" requirement was not met was proper. Judge Avellino considered the applicable rules of civil procedure, *see* Pa.R.C.P. 1701 *et seq.,* and properly applied the rules to this case. We find no abuse of discretion. *Hayes, supra.*

Affirmed.