# Kearney, Appellant, *v.* Hogan.

*Vendor and vendee—Time within which vendor must remove incumbrances.*

Where real estate is sold free of all incumbrance and no time is fixed for the execution of the deed and delivery of possession, the vendor has a reasonable time within which to remove incumbrances; and what is a reasonable time is a question for the jury.

Real estate was advertised and sold as free of all incumbrance. At the time of the sale, however, there was a right on the part of a third person to have a drain pipe and water pipe across a portion of the premises, and there was a burden on the owner to pay a portion of the expense of keeping these pipes in repair. There was no time fixed for the execution of the deed, and delivery of possession. The sale was made on December 9, 1890, and the incumbrance was not removed and a deed tendered until February 7, 1891. *Held,* that it was proper to leave the question of the reasonableness of the time to the jury, and that a judgment on a verdict for the vendee should be sustained.

Argued Jan. 27, 1893. Appeal, No. 141, Jan. T., 1893, by plaintiff, Michael L. Kearney, from judgment of C. P. No. 2, Phila. Co., March T., 1891, No. 153, on verdict for defendant, Patrick Hogan. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for balance of purchase money.

On the trial, before PENNYPACKER, J., the evidence was to the following effect: On Dec. 9, 1890, defendant purchased at public sale the realty situated at the southeast corner of Second and Norris streets, Philadelphia, for $5,700, and signed an agreement to take the same clear of incumbrance. At that time the property had a drain pipe running across a corner of the yard and was chargeable with one quarter of the expense of keeping it in repair. On Dec. 17, 1890, defendant wrote plaintiff mentioning this incumbrance, and stating that he would not accept the title unless it was removed at once. On Jan. 8, 1891, plaintiff wrote defendant that he had arranged to have the matter complained of removed, the work being then almost completed, and that settlement could be made at once. On Jan. 9, 1891, defendant, by his attorney, wrote, "When the incumbrance complained of is removed by a good and sufficient deed it will be time enough to talk about making settlement, etc. I say to you again, as I wrote you on 17th December, 1890, ' Mr. Hogan will not accept the title unless the incumbrance is removed at once.'" On Jan. 13, 1891, plaintiff wrote defendant: " We are proceeding in the matter, and in a short time will notify you." On Jan. 24, 1891, defendant's attorney verbally notified plaintiff's attorney that his client would consider the contract of purchase canceled. On Feb. 4, 1891, plaintiff's attorney notified defendant's attorney that the property had been relieved of the objection raised, and that plaintiff was ready to execute a deed clear of incumbrance. On Feb. 4, 1891, defendant's attorney replied that it was too late, as defendant had made other investments. On Feb. 7, 1891, plaintiff tendered a deed to defendant, conveying a clear title, and demanded the purchase money. Defendant would not take the deed and refused to pay the purchase money. This suit was then brought.

The court charged in part as follows, by PENNYPACKER, J.: ["The purchaser was not bound to wait to have the incumbrance removed. It appears, however, there was no time fixed for the execution of the deed for the premises and the delivery of the papers, at least my attention has not been called to anything in the contract which would show the time at which those papers were to be delivered. The parties therefore must be

presumed to have intended that there should be a reasonable time allowed for that purpose—for the preparation and execution of the deed.] [5]

"If the tender was made within a reasonable time in this shape, or within such a time as the parties may have been held to have contemplated when they made their bargain, the plaintiff is entitled to recover. If, on the contrary, the deed was not tendered within a reasonable time, because of the facts of the inability of the vendor to give a title clear of incumbrance, then the defendant is entitled to your verdict."

Plaintiff's points were as follows:

"1. The defendant in this case could not rescind the contract of sale without an offer of performance of his part of the contract." Refused. [1]

"2. He must show such an offer of performance before he can charge the plaintiff with a breach, and without such a breach there can be no rescission of the contract sued upon. No such offer of performance has been shown in this case, therefore your verdict must be for the plaintiff." Refused. [2]

"3. When the defendant by his attorney notified the plaintiff that he would not accept the title unless the incumbrance (complained of) was removed at once, the plaintiff was entitled to a reasonable time to remove the objection and perfect his title, and the defendant having knowledge that he, the plaintiff, was taking immediate steps to remove the objection complained of, the defendant could not rescind the contract of sale without reasonable notice and an offer of performance on his part." Refused. [3]

"4. No such offer has been shown in this case, therefore your verdict must be for the plaintiff." Refused. [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–5) instructions, quoting them.

*Jas. L. Stanton, T. M. Daly* with him, for appellant, cited: Hatton v. Johnson, 83 Pa. 219; Hampton v. Speckenagle, 9 S. & R. 212; Sylvester v. Born, 132 Pa. 467; Tiernan v. Roland, 15 Pa. 429; Boyd v. McCullough, 137 Pa. 8; Irvin v. Bleakley, 67 Pa. 24.

*Charles A. Lagen, J. V. M' Geoghegan* with him, for appellee.

PER CURIAM, February 13, 1893:

A careful examination of this record fails to disclose error. The suit was brought to recover a balance of purchase money for real estate sold by the plaintiff. The property was advertised as free of all incumbrance, and the contract of sale was made upon those terms. In point of fact, the property at the time of the sale was not free from incumbrance. There was a right on the part of a third person to have a drain pipe and water pipe across a portion of the premises, and there was a burden on the vendor to pay a portion of the expense of keeping these pipes in repair. This imposed a servitude upon the property which amounted to an incumbrance. This incumbrance was known to the vendor at the time of the sale, and he knew, or should have known, that he could not make a clear title without removing the incumbrance. As there was no time fixed for the execution of the deed and the delivery of possession, the parties must be presumed to have intended that there should have been a reasonable time allowed for that purpose. The sale was made on the 9th of December, 1890, and the incumbrance was not removed and a deed tendered until the 7th of February following. The learned judge below left it to the jury to find whether this was a reasonable time, and they have found that it was not. We do not think the plaintiff has any ground to complain, either of the verdict of the jury, or the instructions of the court. A purchaser of real estate is not bound to wait an indefinite time, and keep his money unemployed to enable the vendor to clear his property of incumbrances. Where such incumbrance consists of a judgment or mortgage it can be removed at once by an application of a portion of the purchase money to its payment. But an incumbrance of the character of the one in this case cannot be removed in a summary manner. It may require a month or it may require a year, and it is unreasonable to expect the vendee to hold himself in readiness to meet his contract for an indefinite period.

An examination of the specifications fails to disclose error. We need not consider them in detail.

Judgment affirmed.