## Miller v. Varner

*William R. Davis, Jr.*, for plaintiffs.

*John McDowell Sharpe, Jr.*, for defendant.

EPPINGER, P. J., August 29, 1968.—This is a suit in equity by plaintiffs, Walter J. Miller and Verna J. Miller, his wife, against Marjorie Varner to compel specific performance of a contract to sell real estate. The Millers base their claim on the following written instrument:

"Feb. 28, 1966

"Received of Walter and Jane Miller, $50.00 (fifty dollars) as down payment on purchase of approx. five acres land along Amberson Valley road. Full purchase price to be $500.00 (Five hundred dollars).

"Marjorie Varner
Verna Jane (Rhoads) Miller
Walter J. Miller"

The consideration was paid by check dated February 28, 1966, which Mrs. Varner cashed.

FINDINGS OF FACT

1. On or about February 28, 1966, defendant, Marjorie Varner, was the owner of a parcel of real estate situate in Fannett Township Franklin County, Pa., located on the southeast side of the Amberson Valley Road (Legislative Route 28060), which real estate was L shaped in appearance and contained approximately five acres in area.

2. The land which is the subject of this suit is bounded and described as follows: Beginning at a point on the Amberson Valley Road (Legislative Route 28060), at the lands of Messner and Graeves thence along said lands north 42 degrees 30 minutes west, 648 feet to a point at other lands of Messner and Graeves; thence along the same south 49 degrees 30 minutes west, approximately 925 feet to lands of Warren Gumpert; thence along the same in a northwestwardly direction a distance of approximately 175 feet to a point in the Conococheague Creek; thence along the course of the creek in a northeasterly direction and along lands of Calvin Varner, Harry J. Varner and Clair W. Stewart and Mary Lou Stewart, his wife, a distance of approximately 700 feet; thence along lands of the said Stewarts in a northwestwardly direction a distance of approximately 500 feet to a point in the Amberson Valley Road; thence with the same in a northeasterly direction a distance of approximately 300 feet to the place of beginning.

3. This real estate is the only real estate which defendant, Marjorie Varner, owned which was situate along the Amberson Valley Road in Fannett Township, Franklin County, Pa.

4. On February 28, 1966, plaintiffs and defendant entered into a written agreement for the sale of "ap-

proximately five acres of land along the Amberson Valley Road", for the price of $500.

5. On the same date the Millers paid Mrs. Varner the sum of $50 as a down payment on the purchase price of the real estate by giving her a check which she endorsed and cashed.

6. Before the Millers entered into this agreement with Mrs. Varner they were shown the tract by James Varner, son of Mrs. Varner, who, at the time of the showing of the tract, was acting for Mrs. Varner, she having indicated to the Millers that if they were interested in buying land from her, they should see her son, Jim.

7. Jim Varner and Mrs. Varner both spoke of the tract as containing approximately five acres of land.

8. Negotiations for the proposed sale of this real estate began in earnest in early January 1966, when, several weeks after the land was shown to them by James Varner, the Millers wrote a letter to Mrs. Varner inquiring whether the real estate shown them by James Varner was for sale.

9. On or about February 9, 1966, Mrs. Varner sent a reply indicating that she was interested in selling the real estate to plaintiffs.

10. This letter was followed by another letter from the Millers to Mrs. Varner stating that they would come to see Mrs. Varner at her home in a few weeks to discuss the purchase of the real estate.

11. The meeting between the parties occurred on February 28, 1966, at which time the writing was prepared by Mrs. Miller and the $50 was paid over to Mrs. Varner. Mrs. Varner had full knowledge of the contents of the writing as it was read to her by Mr. Miller.

12. At the time the writing was executed and the check was delivered it was stated and understood be-

tween the parties that no settlement date would be inserted in the writing in order to allow plaintiffs a period of time in which to raise funds to pay the balance of the purchase price.

13. In April 1966, the Millers wrote a letter to Mrs. Varner stating that they had raised the necessary money to make final settlement for the real estate and wanted to come to Mrs. Varner's home to do so. They expected to do it as soon as the school term was over.

14. At no time between February 28, 1966, and the latter part of April 1966 did Mrs. Varner contact the Millers or make any demand upon them that a final settlement should be held.

15. Mrs. Varner did not answer the letter written by the Millers in April.

16. On June 14, 1966, the Millers wrote a second letter to Mrs. Varner advising her that they would come to her home to make final settlement on the weekend following July 4, 1966.

17. On June 16, 1966, Mrs. Varner wrote back to the Millers advising that she was selling the land to a third party for a higher price.

18. Several days after receiving Mrs. Varner's letter of June 16th, Mr. Miller went to Mrs. Varner's home and offered a check for the balance of the purchase price, the sum of $450. Mrs. Varner refused to accept the check or to accept cash if it was obtained.

19. At the time of this tender, Mrs. Varner notified Mr. Miller that she wasn't keeping the real estate for herself but that she would sell it to an unnamed third party for $200 more than she had agreed to sell it to the Millers.

20. Again on July 9, 1966, the Millers saw Mrs. Varner at her home and stated that they had the money to make settlement and suggested to Mrs. Varner that they all go to Shippensburg, Pennsyl-

vania, to make final settlement. Mrs. Varner refused to accept the balance of the purchase price, refused to make final settlement, refused to enter into any other agreement for the property and offered to pay back to the Millers $50 paid by them to her at the time the writing was prepared. The Millers refused to accept the $50 and were asked to leave by Mrs. Varner.

21. Thereafter, on one occasion Mrs. Varner met Mr. Miller and requested that he forget the whole transaction. Mr. Miller refused to do this.

22. At the time of this transaction Marjorie Varner was married to Harry J. Varner. Her husband was living at the time of the trial in this matter and had never had any dealings with the Millers with respect to the real estate. He is not a party either to the written instrument or in this action.

23. Since on or about June 14, 1966, the Millers have been ready, willing and able to complete the agreement by paying the balance due on the agreement upon receipt from the defendant of a properly executed deed for conveyance of the real estate to them in fee simple.

24. A written demand dated August 2, 1966, was made by William R. Davis, Esq., of Mower and Davis, Attorneys for the Millers, upon Mrs. Varner to perform the agreement on or before August 15, 1966, and was sent to Mrs. Varner by certified mail, return receipt requested. Though Mrs. Varner received the letter, she ignored this demand.

25. Before the parties entered into the written instrument, Mrs. Varner knew that her son, James Varner, had shown the real estate to the Millers, that the real estate was L shaped and thought that the real estate contained about five acres of land. She was also familiar with the location, size and ownership of the various parcels of land which adjoined the real estate.

CONCLUSIONS OF LAW

1. On or about February 28, 1966, Marjorie Varner was the owner of the real estate described in finding of fact no. 2.

2. This real estate was the only real estate which defendant Marjorie Varner owned which was situated on the Amberson Valley Road in Fannett Township, Franklin County, Pa., on that date.

3. On February 28, 1966, the Millers and Mrs. Varner entered into a writing for the sale of the aforesaid real estate by Mrs. Varner to the Millers for the price or sum of $500.

4. The agreement was supported by legal consideration, said consideration being $50 transferred to Mrs. Varner by the Millers by a check, subsequently endorsed and cashed by Mrs. Varner.

5. The writing set forth an adequate description of the real estate since it was the only real estate owned by Mrs. Varner which was situate along the Amberson Valley Road.

6. Such description was adequate in its identification to show that there was a meeting of the minds between the Millers and Mrs. Varner as to what real estate was meant to be conveyed under the written instrument.

7. The written agreement and the check constitute the entire agreement between the Millers and Mrs. Varner.

8. No time for settlement was mentioned in the agreement and therefore a reasonable time is implied.

9. A reasonable time in this case is an adequate time in which to raise the money.

10. The written instrument is sufficient to take the case out of the statute of frauds, as it contains all the material terms necessary, including the identity of the subject matter, the amount of consideration, and the identity of the contracting parties.

11. Oral evidence was admissible to show that the land could be identified by showing that there was no other land the Millers could consider because Mrs. Varner owned no other land which would fit the description of the property mentioned in the agreement.

12. James Varner, Mrs. Varner's son, had the authority to show the real estate to the Millers and Mrs. Varner was aware that he had shown the particular real estate mentioned in this suit to the Millers. She was aware that this was the real estate being discussed at the time of the transaction with the Millers and at the time she executed the written instrument dated February 28, 1966.

13. The Millers offered to give Mrs. Varner a check for the full purchase price shortly after June 16, 1966, and Mrs. Varner refused to accept it and defendant does not contend that this did not constitute a tender so we conclude it was a tender.

14. A further tender was made on July 9, 1966, and under all the circumstances, these tenders of the purchase price were within a reasonable period of time.

15. Upon tender for the full balance of the purchase price, Mrs. Varner should have conveyed her interest in the real estate to Mr. and Mrs. Miller.

16. The writing can be specifically enforced.

17. The court cannot compel Harry J. Varner, though husband of Marjorie Varner, to join in the sale of the real estate. The only interest, therefore, that can be conveyed by Marjorie Varner to the Millers is her interest. Therefore, a conveyance by Marjorie Varner to the Millers would be subject to the interest of Harry J. Varner in the property under the intestate laws of the Commonwealth of Pennsylvania.

18. The Millers are entitled to a decree requiring Marjorie Varner to convey her interest in the real estate to them and restraining her from doing any act to

affect her title in the real estate prior to such conveyance.

19. The parties each should pay their own costs in connection with this suit.

20. The Millers should have the property surveyed and have a deed prepared to submit to Mrs. Varner to convey her interest to them.

21. The survey and deed should be prepared within 30 days from the date of the final decree.

## DISCUSSION

The legal questions in this case were nearly all discussed by the court in its opinion of May 12, 1967, written after defendant filed an answer containing new matter and alleging there was no sufficient description of the real estate in the writing and that the plaintiffs never made a tender of the balance of the purchase price; that plaintiffs had orally agreed within two weeks to pay the balance of $450 but had failed to do so and after Mrs. Varner made a motion for judgment on the pleadings saying (1) that an essential element of the contract for the sale of real estate, to wit, the time for settlement, was lacking and (2) that there was an insufficient identification of the premises in the writing. As we stated in that opinion: "Whenever there is an agreement for the sale of real estate and no time for settlement is set forth therein, the law implies a reasonable time in which to settle: Glover v. Grubbs, 367 Pa. 257. It therefore follows that the time for performance is not required in a writing in order to comply with the statute of frauds".

In this present case we hold that the agreement, being devoid of any stated time for settlement, a reasonable time is implied and under all the circumstances, the time between February 28, 1966, when the writing was executed, and July 9, 1966, when a last tender was made, was a reasonable length of time.

This is based on the facts which the court has found, including the fact that there was correspondence between the Millers and Mrs. Varner indicating that they would make settlement at a particular time and, further, that Mrs. Varner did not give them a specific time in which to settle or suffer default, but wrote a letter instead declaring she was going to sell the property to someone else at a higher price.

On the question of whether the description was adequate, we have found that it was. It is not necessary in order to avoid the inhibition of the statute of limitations to describe the land completely. Identification can become the subject of certain parol proof: Sawert v. Lunt, 360 Pa. 521.

If it had been impossible to determine from the description contained in the writing itself, as opposed to what might be alleged in the Millers' complaint, what property was involved, then the Millers could not prevail. But the evidence shows that this was the only tract of land which Mrs. Varner owned which was along the Amberson Valley Road. The fact that the actual plot is L shaped and that all of it does not front on the Amberson Valley Road does not in any way affect it. Moreover, it was clearly shown in the testimony that Mrs. Varner knew that her son was going to show this property to the Millers and that he showed it to them with her authority.

Under all these circumstances the description is adequate.

The only problem remaining is the question what to do about the interest of Harry J. Varner in the real estate. He is not a party to this suit. There is no showing that at the time Mrs. Varner signed the written instrument she intended to bind her husband or that she had authority to bind him. The testimony, however, is quite the opposite, it is to the effect that she cannot

obtain the signature of her husband to a deed nor can he be compelled to sign it.

It therefore follows that the only deed or conveyance that can be required in this case is one from Mrs. Varner to Mr. and Mrs. Miller, conveying her right, title and interest in the real estate to them.

DECREE NISI

Now, August 29, 1968, it is ordered that:

1. Marjorie Varner shall convey to Walter J. Miller and Verna J. Miller, his wife, all her right, title and interest in and to the L shaped tract of real estate in Fannett Township, Franklin County, Pa., lying along the Amberson Valley Road, more fully described in finding of fact no. 2, upon submission to her by plaintiffs of a deed based on a survey obtained by plaintiffs within 30 days from the date of the final decree and upon payment to Mrs. Varner of the sum of $450.

2. Pending such conveyance Marjorie Varner shall be restrained from mortgaging, selling or otherwise alienating or encumbering her interest in said real estate.

3. The parties shall pay their respective costs in this suit.

4. This decree shall become absolute unless exceptions are filed thereto within 20 days.