419 A.2d 700

**Delphia REAGAN, Alias Dictus Delphia M. Reagan, Al. Dic. Delphia Soles, Al. Dic. Delphia M. Soles, Appellant,**

**v.**

**D. & D. BUILDERS, INC., a Pennsylvania Corporation.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1979.

Filed April 18, 1980.

John W. Pollins, III, Greensburg, for appellant.

Gregg M. Rosen, Pittsburgh, for appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

MONTGOMERY, Judge:

This is an appeal from an equity proceeding brought by appellant–Buyer for specific performance of a written contract for the sale of real estate in which time was not specifically made of the essence. The appellee–Seller defended the action on the basis that Buyer unreasonably delayed in paying the balance of the consideration and this, in turn, constituted a material breach which justified rescission on Seller's part. The chancellor found for the Seller below and dismissed the complaint. The court en banc affirmed the chancellor's decree and dismissed Buyer's Exceptions and Motion for Judgment.

The chancellor found as a matter of fact that Seller authorized one Herbert V. Yingling, a licensed real estate broker, to obtain a buyer for an old farm house with certain outbuildings and approximately three acres of ground. Yingling obtained appellant–Buyer and Seller and Buyer entered into an agreement of sale on or about April 28, 1976. This agreement was a valid and binding contract between the parties. The agreement, however, did not contain a specific closing date because at the time of execution, Buyer did not have sufficient funds to pay the purchase price and associated closing costs, and needed time to obtain financing.[1] Financing was not a specific condition mentioned in the agreement.

Buyer, thereafter, made several unsuccessful attempts to obtain the necessary financing from various lending institutions. There was no direct contact between the parties until August 11, 1976, when Seller contacted Buyer and expressed dissatisfaction with the long time Buyer was taking to obtain financing. Buyer informed Seller of her unsuccessful efforts and Seller then notified her that she had to obtain financing within twenty days or Seller would consider the agreement cancelled and void. Buyer did not obtain financing and did not contact Seller within the twenty day period.

On or about November 11, 1976, Seller entered into another agreement with a third party to sell the same property. Buyer testified below that Yingling told her, in November, of Seller's actions, but she persisted in her efforts to obtain financing. Thereafter, on December 10, 1976, following a referral by Yingling, Buyer obtained a mortgage commitment from Mar–Val Corporation. The agreement, however, was conditioned upon a favorable termite inspection and a favorable report from a qualified broker that the roof was sound. Mar–Val then notified Yingling, as agent for Seller, of a January 4, 1977 closing date; however, on the date set, Seller did not appear.

---

1. The consideration named in the agreement was $48,500.00, and Buyer paid $2,500.00 to Yingling at the time of execution of the agreement. Yingling still retained this money as of the time suit was entered.

Based on the above findings of fact, the chancellor concluded:

1. For the reason that buyer failed to perform within the twenty–day period from August 11, 1976, the Agreement was cancelled and void at the expiration of twenty days from August 11, 1976.

2. Words or acts indicating the Seller's intention to terminate the Agreement will be taken to amount to a rescission thereof. A written Agreement or contract may be rescinded orally. Also, an effective rescission *may* be found in the Seller's act of selling to a third person (See 32 P.L.E., p. 314). Where no time is fixed for performance of an Agreement or contract, performance is required within a reasonable time. What is a reasonable time may vary, depending on the circumstances.

3. Buyer is not entitled to specific performance of the Agreement for the reasons mentioned herein.

Unquestionably, the issue presented by this appeal, albeit it differently framed by the two parties, is whether a reasonable time for performance can be implied in a contract where time is not made of the essence and if so, what precisely would constitute unreasonable delay so as to justify a unilateral rescission.

Initially, we find *no error in the court's* conclusion that "[w]here no time is fixed for performance of an Agreement or contract, performance is required within a reasonable time." See *L.C.S. Colliery, Inc. v. Globe Coal Co.*, 369 Pa. 1, 84 A.2d 776 (1951). Reasonableness is a question for the fact–finder and determined by consideration of all existing circumstances. See *Field v. Golden Triangle Board, Inc.*, 451 Pa. 410, 305 A.2d 689 (U.S. cert. denied) (1973); *Wilcox v. Regester*, 417 Pa. 475, 207 A.2d 817 (1965); *Schlecter v. Foltz*, 179 Pa.Super. 119, 115 A.2d 910 (1955).

■ In the instant case, there was a finding by the court that at the time the sales agreement was entered into, the real estate market was in a rapidly escalating situation. As stated in *Williston On Contracts*, § 854 (3rd ed.):

Time is of the essence where property fluctuates in value. Time may become of the essence of a contract in equity not only by the express terms of the parties but from the very nature of the subject matter.

Therefore, at the time of the execution of the agreement of sale, the Seller had a right to anticipate that the Buyer would be ready, willing and able to close within a reasonable period of time.

■ It must next be decided whether the Buyer caused such unreasonable delay, in setting a date for closing, as to justify the Seller's rescission of the agreement. Although the court en banc concluded that a delay of four months, from the execution of the agreement in April until the passing of the twenty day warning period in late August, was unreasonable, it further affirmed the finding of fact made by the chancellor that the seven month delay between April and November, when the Seller entered into another agreement with a third party, also constituted an unreasonable delay so as to justify rescission. Therefore, instead of merely affirming this contradictory conclusion of the lower court, we are of the opinion that under the circumstances of this case, the expression of dissatisfaction made to the Buyer by the Seller on August 11, 1976, her failure to respond by word or act, and a further delay of almost three months until November 24, 1976, when Seller entered into the subsequent agreement, unquestionably constituted an unreasonable delay of performance by the Buyer which fully justified the Seller to conclude that the agreement had been materially breached by the Buyer. This fact thereby enabled Seller to rescind the original sales agreement, and sell to another party. A correct decision of the lower court will be sustained on appeal if it can be sustained for any reason regardless of the reason given by the court below. See *Powell, Inc. v. Wian*, 456 Pa. 35, 318 A.2d 346 (1974); and *Wilner v. Croyle*, 214 Pa.Super. 91, 252 A.2d 387 (1969).

Order affirmed.