### In re METRO COMMUNICATIONS, INC., t/a Metrosports, Debtor.

### MELLON BANK, N.A., Plaintiff,

### v.

### METRO COMMUNICATIONS, INC., t/a Metrosports, Debtor–in–Possession, and the Pacific–10 Conference, Defendants,

### v.

### The COMMITTEE OF UNSECURED CREDITORS, Intervenor.

### Bankruptcy No. 85–552.
### Adv. No. 86–104.

United States Bankruptcy Court, W.D. Pennsylvania.

April 4, 1989.

Kenneth P. Simon, Simon & Simon, Pittsburgh, Pa., for intervenor/Committee of Unsecured Creditors.

**18**

George M. Cheever, Kirkpatrick & Lockhart, Pittsburgh, Pa., for plaintiff/Mellon Bank, N.A.

Stephen J. Laidhold, Sable, Makoroff & Libenson, Pittsburgh, Pa., for debtor.

Charles J. Vollmer, Pollard, Walker & Vollmer, Pittsburgh, Pa., for PAC–10 Conference.

Stephen I. Goldring, Asst. U.S. Trustee, Pittsburgh, Pa.

### AMENDED ORDER OF COURT

Bernard Markovitz, Bankruptcy Judge.

AND NOW, at Pittsburgh in said District this 4th day of April, 1989 upon consideration of: (1) the motion of Grant Street National Bank (In Liquidation), as successor in interest to Mellon Bank, N.A. in the instant adversary proceeding, to Amend the Judgment Order of this Court dated February 10, 1989, 95 B.R. 921; (2) the Committee's Motion To Strike Grant Street National Bank's Motion To Amend Judgment; and (3) the Response thereto of Mellon Bank, N.A. and Grant Street National Bank (In Liquidation), it is hereby ORDERED, ADJUDGED and DECREED that effective this date evenwith, Grant Street National Bank (In Liquidation) is joined in this action as an additional plaintiff and counterclaim defendant.

IT IS FURTHER ORDERED that:

(1) the decretal portions of this Court's Order of February 10, 1989 are hereby amended, as follows:

(a) Plaintiff, Mellon Bank, does not possess a valid security interest in Debtor's assets;

(b) As a result thereof, Debtor and Mellon must compile a complete and accurate accounting of all payments made by Debtor to Mellon, on behalf of itself or any of its related entities, or made by any other party to Mellon, using Debtor's funds;

(c) Debtor and Mellon will file said accounting with the Court within sixty (60) days of the date of this Order;

(d) Concurrently with said filing, Mellon will disgorge the sums so discovered, with legal interest from date of receipt, to the Bankruptcy Court Registry, except to the extent that such sums represent payments received by Mellon more than ninety (90) days prior to March 15, 1985 for application against Debtor's obligations in respect of the Letter of Credit Agreement dated September 7, 1984 and the $2,300,-000.00 working capital loan under the Line of Credit Agreement dated April 6, 1984; and

(2) the original transaction among the parties, dated April 5 and/or 6, 1984, involving the leveraged buyout of Debtor's stock was a fraudulent transfer and BE and IS hereby AVOIDED.

Nothing in this Order shall be interpreted as an extension of time within which to file an appeal; no such request has been made or granted.