In re METRO COMMUNICATIONS, INC., t/a Metrosports, Debtor.

MELLON BANK, N.A., Plaintiff,

v.

METRO COMMUNICATIONS, INC., t/a Metrosports, Debtor–in–Possession, and the Pacific–10 Conference, Defendants,

v.

The COMMITTEE OF UNSECURED CREDITORS, Intervenor.

Civ. A. 89–0782.

Bankruptcy No. 85–552.

United States District Court, W.D. Pennsylvania.

Feb. 12, 1991.

George M. Cheever, Denise K. Chamberlain, for plaintiff.

Kenneth P. Simon, for Unsecured Creditors. Robert G. Sable, for Metro Communications, Inc. Charles J. Volmer, for The Pacific–10 Conf.

## ORDER OF COURT

ZIEGLER, District Judge.

AND NOW, this 12th day of February, 1991, after consideration of the appeal of Mellon Bank, N.A. ("Mellon") and Grant Street National Bank ("GSNB"), from the Opinion and Order of the United States Bankruptcy Court for the Western District of Pennsylvania dated February 10, 1989, 95 B.R. 921, as amended by the Order dated April 4, 1989, 135 B.R. 17.

■ The court finds as follows:

1. Findings of facts by the bankruptcy court shall not be set aside unless the district court determines that such findings are clearly erroneous and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses. The bankruptcy court's conclusions of law, however, are subject to plenary review. Bankruptcy Rule 8013; *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir.1988).

2. The factual findings underlying the Bankruptcy Court's determination that Mellon's re-perfection of its secured status constituted a transfer of debtor's property within ninety (90) days prior to debtor's bankruptcy petition are not clearly erroneous. Thus, the Bankruptcy Court properly determined that Mellon's re-perfection was a preferential transfer avoidable under 11 U.S.C. § 547. We reject appellants' contention that the Bankruptcy Court improperly placed the burden of proof on Mellon. In fact, Mellon concedes that it had the burden of proving perfection of its secured status. *See* Reply Brief for Appellants, at 2. The burden of proving the avoidability of the transfer under 11 U.S.C. § 547 was properly placed on The Committee of Unsecured Creditors ("Committee"). 11 U.S.C. § 547(g). Further, we reject appellants' contention that the Bankruptcy Court erred in suggesting, as an alternative basis for its ruling, that Mellon's original financing statements were improperly filed, since this did not serve as the basis for the Bankruptcy Court's ruling. *See In re Metro Communications,*

*Inc.,* 95 B.R. 921, 919–30 (Bankr.W.D.Pa. 1989).

3. The factual findings of the Bankruptcy Court that the debtor received less than reasonably equivalent value in exchange for the guaranty of loan obligations of its parent, Total Communications, Inc. ("TCI"), and that debtor was insolvent after the guaranty was issued are not clearly erroneous. Therefore, the Bankruptcy Court properly determined that the Committee met its burden of proof under 11 U.S.C. § 548 to establish that the original acquisition of debtor by TCI constituted a fraudulent conveyance avoidable under 11 U.S.C. § 548(a)(2).

4. The factual findings underlying the Bankruptcy Court's determination that the Committee met its burden of proving that all payments by debtor to Mellon within ninety (90) days prior to debtor's bankruptcy petition were preferential transfers avoidable under 11 U.S.C. § 547(b) are not clearly erroneous.

5. We reject appellants' contention that the Bankruptcy Court's Order requiring Mellon to disgorge all payments by debtor to Mellon is overbroad. In fact, the Bankruptcy Court entered the Amended Order dated April 4, 1989 upon the motion of Mellon and GSNB to clarify the scope of the Order dated February 10, 1989. Moreover, the Committee concedes that payments by debtor to Mellon on other obligations not raised in these proceedings are beyond the scope of the above-captioned action.

6. With respect to the award of interest, the decision to award prejudgment interest is within the sound discretion of the bankruptcy court. *In re Art Shirt Ltd., Inc.,* 93 B.R. 333, 342 (E.D.Pa.1988). It is settled that interest awarded in voidable preference and fraudulent conveyance actions is computed from the date of demand for return, or in the absence of a demand, from the date of the suit's commencement. *See e.g., Smith v. Mark Twain National Bank,* 805 F.2d 278, 291 (8th Cir.1986); *Palmer v. Radio Corp.,* 453 F.2d 1133, 1140 (5th Cir.1971); *In re Universal Clearing House Co.,* 60 B.R. 985, 1002 (D.Utah 1986). Interest is cal-

culated from the date of the transfer where the transferee acts fraudulently or in bad faith. *See In re Southern Industrial Banking Corp.,* 87 B.R. 518, 522 (Bankr.E.D.Tenn.1988). Here, there were no allegations of fraud or misconduct requiring an award of interest from date of transfer and, thus, the Bankruptcy Court's award of interest will be reversed.

IT IS THEREFORE ORDERED that paragraph 1(d) of the Order of the Bankruptcy Court dated April 4, 1989, insofar as it orders legal interest from date of receipt, be and hereby is reversed,

IT IS FURTHER ORDERED that in accordance with the Bankruptcy Court's Order dated April 4, 1989, Mellon shall disgorge the sums discovered, with legal interest from the date of commencement of the within action, to the Registry of the Bankruptcy Court.

IT IS FURTHER ORDERED that the Order of the Bankruptcy Court dated February 10, 1989, as amended by the Order dated April 4, 1989, be and hereby is affirmed in all other respects.