**MELLON BANK, N.A., Appellant,**

v.

**Stanley G. MAKOROFF,
Trustee, Appellee.**

**Civ. A. No. 92–1957.**

United States District Court,
W.D. Pennsylvania.

Feb. 22, 1993.

Thomas E. Reilly, Timothy Hazel, Davis Reilly, Pittsburgh, PA.

Stanley G. Makoroff, trustee, Thomas M. Ferguson, Sable, Makoroff & Gusky, Pittsburgh, PA.

## MEMORANDUM ORDER

D. BROOKS SMITH, District Judge.

Mellon Bank, N.A. (Mellon) appeals from the judgment entered on April 15, 1992 in Adversary No. 91–437 pursuant to a memorandum order of the bankruptcy court (Markovitz, J.) that held Mellon did not have a security interest in certain proceeds received in the settlement of an adversary proceeding by the trustee of the bankruptcy estate of Howard Gruzewski (Gruzewski). The bankruptcy court had jurisdiction under 28 U.S.C. § 157. This Court has jurisdiction under 28 U.S.C. § 158(a). The matter was reassigned to this judge for disposition.

Gruzewski was, at the time of the events giving rise to the bankruptcy court's decision, a travel agent who owned and operated AMO Travel Service, Inc. (AMO). Despite the "Inc.," AMO was an unincorporated sole proprietorship of Gruzewski's. On March 20, 1987, Gruzewski in his capacity as president of AMO executed a Promissory Note and Security Agreement in favor of Mellon in the amount of $25,000.00. The Security Agreement contained the standard clauses creating a security interest in all after-acquired property of AMO and in the proceeds thereof. Mellon Exh. 1. The Security Agreement was duly perfected by Mellon. On the same day, Gruzewski also signed a Guaranty and Suretyship Agree-

ment as an unsecured personal guarantor of the obligations of AMO. Mellon Exh. 1.

On August 21, 1989, Gruzewski sold the assets of AMO to A. James DeVoogd (DeVoogd) pursuant to an Agreement of Sale. Mellon Exh. 5. On August 25, 1989, Gruzewski signed an Employment Agreement, Appellant's Brief, App. 1(g), providing that C & J Travel Enterprises, Inc., a travel agency controlled by DeVoogd, would employ Gruzewski for five years at a salary of $6,905.00 per month. On February 28, 1990, in order to settle a dispute between Gruzewski and DeVoogd and C & J Travel regarding representations made during the sale of AMO, Gruzewski, DeVoogd, and C & J Travel entered into an agreement entitled Release and Compromise of Claims. Appellant's Brief, App. 1(g). The agreement provided that the August 21, 1989, Agreement of Sale was discharged and that instead of the terms in that agreement and in the August 25, 1989 Employment Agreement, DeVoogd and C & J Travel would pay Gruzewski $210,000.00 over a five-year period at the rate of $3,500.00 per month.

In 1990, Gruzewski filed a Chapter 7 bankruptcy petition, No. 90–1429. Appellee Stanley G. Makoroff, Esquire, was appointed trustee. On November 19, 1990, the trustee commenced an adversary action, Adversary Number 90–496, against DeVoogd and C & J Travel to acquire for the benefit of the bankruptcy estate approximately $185,000.00 allegedly remaining due to Gruzewski under the terms of the February 28, 1990 Release and Compromise of Claims agreement. The trustee averred that the payments due under the agreement between Gruzewski and DeVoogd and C & J Travel actually represented part of the consideration for the sale of AMO, that the August 25, 1989 and February 28, 1990 agreements had been styled as employment agreements for tax purposes, and that Gruzewski and DeVoogd never intended for Gruzewski to perform any services for C & J Travel.

The adversary matter was called for trial on June 5, 1991. The trustee reported that a compromise had been reached, calling for payment of $124,000.00 over three years, secured by a judgment for $124,000.00 against C & J Travel only. After intensive scrutiny of the trustee's arguments in favor of the compromise of the claim, the bankruptcy court approved the settlement.

Mellon thereafter instituted the adversary proceeding from which this appeal arises, Adversary Number 91–437, against the trustee to obtain a portion of the proceeds paid or to be paid to the estate by C & J Travel. Mellon asserted that because the monies to be paid by C & J Travel to the estate were acknowledged to be compensation for Gruzewski's sale of AMO's assets to DeVoogd and C & J Travel, Mellon's perfected security interest in the proceeds of any sale of the assets of AMO attached.

The matter was tried on April 8, 1992. On April 15, 1992, the bankruptcy court held that Mellon's security interest in AMO's after-acquired property and proceeds did not attach to the $124,000.00 for which Adv. No. 90–496 had been settled. The bankruptcy court found as a fact: (1) that the $124,000.00 did not represent proceeds of the sale of the assets of AMO; and (2) that the $124.000.00 represented consideration for Gruzewski's agreement to act as a consultant for C & J Travel after the sale of assets. The court also concluded that as a matter of law the trustee was not estopped by his previous characterization of the amount as consideration for the sale of assets from arguing that the $124,000.00 represented consideration for Gruzewski's employment agreement because the court had never accepted that characterization in Adversary Number 90–496.

■ The standard of review of the bankruptcy court's findings of fact is the clearly erroneous test, Bankruptcy Rule 8013, while the bankruptcy court's conclusions of law are subject to plenary review. *Matter of American Biomaterials Corp.*, 954 F.2d 919, 921–22 (3d Cir.1992).

*The nature of the proceeds*

The evidence presented at the trial of the adversary matter showed that the August

21, 1989 Agreement of Sale between Gruzewski and DeVoogd stated that the consideration for the sale of the assets of AMO was $100,000.00. Gruzewski testified that he had received this amount at the time of the closing. April 8, 1992 trial transcript, 39. Gruzewski also testified that he had received an additional $75,000.00 at the closing April 8, 1992. *Id.* The August 21, 1989 agreement recited that this amount was in exchange for a covenant not to compete. At trial, however, Gruzewski admitted that this also represented consideration for the sale of assets. *Id.* The August 25, 1989 Employment Agreement provided that Gruzewski would act as a consultant to C & J Travel in exchange for what was characterized as a salary of $6,905.00 per month. The Release and Compromise of Claims agreement dated February 28, 1990 continued the characterization of the reduced monthly payments to Gruzewski by C & J Travel and DeVoogd as a "consultant fee" or salary. By contrast with his admission concerning the covenant not to compete, at trial Gruzewski maintained, *id.*, Tr. 40–41, without contradiction or impeachment, *id.*, Tr. 46, that the payments under the Release and Compromise of Claims agreement were made under an employment contract in exchange for his availability for consultation.

■ Given the documentary characterization of the payments due under the Release and Compromise of Claims as salary, and given Gruzewski's unimpeached insistence that the payments were in exchange for his availability for consultation, the bankruptcy court's finding of fact was not clearly erroneous (even though, if this were a matter of *de novo* review, I would find that the $124,000.00 represented additional consideration for the sale of assets which was characterized as salary only for tax purposes.)

*Judicial estoppel*

Mellon at trial and on this appeal chiefly relies on the doctrine of judicial estoppel, arguing that because the trustee characterized the payments due under the Release and Compromise of Claims agreement as

consideration for the sale of the assets of AMO in Adv. No. 90–496, he could not in the proceeding at Adv. No. 91–437 assert the contradictory position that the proceeds received were consideration for an agreement to act as a consultant. Mellon points out that in the adversary action by the trustee against DeVoogd and C & J Travel, the $124,000.00 payment could not have been characterized as salary because it would, as post-petition earnings, not legally have been recovered as part of Gruzewski's Chapter 7 bankruptcy estate. *See* 11 U.S.C. § 541(a)(6). Mellon concludes that the bankruptcy court erred as a matter of law in finding that the trustee was not estopped from asserting that the $124,000.00 was not proceeds from the sale of the assets of AMO.

■ Judicial estoppel precludes a party from assuming a position in a legal proceeding that contradicts or is inconsistent with a position it had successfully asserted in a past proceeding. *Delgrosso v. Spang & Co.*, 903 F.2d 234, 241 (3d Cir.), *cert. denied,* 498 U.S. 967, 111 S.Ct. 428, 112 L.Ed.2d 412 (1990). The trustee concedes, as he must, that he asserted in Adv. No. 90–496 that the amounts due to Gruzewski under the Release and Compromise of Claims agreement represented consideration for the sale of the assets of AMO. The trustee contends that because the bankruptcy court held in this matter that it did not rely on his characterization of the proceeds in approving the settlement at Adv. No. 90–496, he did not *successfully* assert a position in a prior proceeding. The trustee also argues that if the bankruptcy court erred at all, it erred in approving the settlement in Adv. No. 90–496 to the detriment of C & J Travel, not Mellon, and that Mellon cannot benefit merely because C & J Travel compromised a claim that it could have successfully contested. I affirm the ruling of the bankruptcy court rejecting the application of judicial estoppel, but for a reason in addition to the one relied on by the bankruptcy court.

This circuit, speaking through Judge McCune of this Court in *Gleason v. United States*, 458 F.2d 171, 175 (3d Cir.1972), has endorsed a restrictive approach to judicial

estoppel which allows judicial estoppel to be invoked only by a party to the prior proceeding or someone in privity with that party. *See Colonial Refrigerated Transport, Inc. v. Mitchell,* 403 F.2d 541, 550 (5th Cir.1968), *quoted in* Wright, Miller, Cooper, 18 Federal Practice and Procedure § 4477 n. 2 (1981 and 1992 Supp.). Accordingly, although C & J Travel might in the appropriate case be able to invoke judicial estoppel, Mellon cannot.

As the bankruptcy court held, the requirement imposed in this circuit[1] that the prior position must have been successfully asserted by the party to be judicially estopped also compels rejection of Mellon's claim. Because the prior adversary action was compromised, there were no findings of fact or conclusions of law and therefore there could not have been any reliance by the court on the position asserted by the trustee. *See Universal City Studios v. Nintendo Co.,* 578 F.Supp. 911, 920–21 (S.D.N.Y.1983) (collecting cases), *aff'd* 746 F.2d 112 (2d Cir.1984).

The decision of the bankruptcy court is affirmed. The Clerk shall mark this matter closed.

---

1. Most circuits adopting the doctrine of judicial estoppel agree with the Third Circuit that the party against which estoppel is sought must successfully have had a court adopt its position in the prior proceeding. A minority view applies estoppel regardless of the success of the assertion. *See Milgard Tempering, Inc. v. Selas Corp.,* 902 F.2d 703, 716–17 (9th Cir.1990). The Tenth Circuit has rejected the doctrine of judicial estoppel altogether. *United States v. 49.01 Acres of Land,* 802 F.2d 387, 390 (10th Cir.1986).